## Jermyn v. McHugh.

*Election law — Contested election — Illegal marking of ballots — Straight ticket—Palpable fraud.*

1. Generally, and unless other intention is shown, a cross at the head of a column, indicating a straight party vote, should govern as against a single mark below for a candidate of the opposite party.

2. Ballots marked as a straight party vote in indelible pencil, but individually marked with a different pencil for the candidate of the opposite party, defy determination and should be thrown out.

3. It is palpable fraud when a certain district return, agreed upon by the board and posted accordingly, is reported differently the next day and the ballot-box meantime retained in the home of the judge. On confession of the said judge and minority inspector of such change in result, the vote will be recorded and certified as originally posted.

Election contest. Q. S. Lackawanna Co.

FULLER, P. J., 11th judicial district, specially presiding.—On due complaint, followed by due process, hearing and opening of the ballot-box, the following disclosure was made as to 20th Ward, Scranton:

The board at first counted, tallied and entered in figures upon the return papers, on the office of mayor, 206 votes for Edmund B. Jermyn, Republican, and 494 votes for Michael J. McHugh, Democrat.

The 206 votes for Jermyn included (1) 75 ballots marked in the straight Democratic square, and also specially marked in the individual square; (2) 59 ballots marked in the straight Republican square, and also specially marked for McHugh.

In the course of the count the suspicion of the Democratic judge was aroused by the appearance of the special marks for Jermyn on the 75 ballots, and upon conclusion of the count, in the ensuing discussion, the Republican overseer, incomprehensibly honest in confession, though dishonest in perpetration, admitted that he had fraudulently made those marks, and they were then erased by the judge.

It was also found and pointed out that the 59 ballots which had been counted for Jermyn bore the special mark for McHugh.

The board then agreed that the tallies and figures on the returns should be altered by erasure to take from Jermyn and add to McHugh the straight Democratic ballots marked for Jermyn and the straight Republican ballots marked for McHugh. This was done in a palpable manner.

In the process of correction, 145 votes were taken from Jermyn, leaving 61, and added to McHugh, making 639.

How the total of 145 was reached is one of the arithmetical mysteries not uncommon in election returns.

The returns thus altered were then signed by the entire board with the overseers, all of whom concurred in the foregoing uncontradicted explanation of the erasures, and we feel bound to find the disgraceful fact accordingly.

On truth of the explanation, should the 75 ballots be rejected or counted for McHugh?

If the erasures thereon had been made by the voter, or if no explanation had been advanced, it is plain they should be rejected.

But under the circumstances clearly established we must differentiate between such an act by the voter and the unanimous action of the board in correcting, at the time, the fraudulent act of an overseer during the count.

We find that the 75 ballots were voted straight Democratic for McHugh, that they were fraudulently marked special Republican for Jermyn, that the corrective action of the board, while irregular, was not fraudulent, and we conclude that those ballots should be counted for McHugh.

The 59 ballots embraced 44 which, upon opening of the box and inspection, were challenged on the ground of having been marked with indelible pencil in the straight Republican square, and also marked with a different pencil, apparently by another person, in the individual square for McHugh.

We find that 28 of the 44 clearly show this infirmity and should not be counted for either candidate, as they defy determination for whom they were voted.

Certain other minor mistakes in the computation were discovered upon our recount, so that on the whole case we find (1) the 75 ballots should be counted for McHugh; (2) the 28 ballots should not be counted for McHugh; (3) the minor mistakes gave Jermyn 8 less and McHugh 10 more than were voted; (4) the net result gives Jermyn 69 instead of 61 as returned, and McHugh 601 instead of 639 as returned, which figures will be duly certified as the correct vote.

### Second Ward Case.

In this case, on complaint of certain qualified electors under oath, charging fraud, and particularly specifying the same, as hereinafter set forth and also apparent on the return, we have examined the return, and upon due summary process against the election board of said district, accompanied by due hearing deemed necessary to enlighten the court, we discover palpable fraud, viz.:

1. That in said district the true vote on mayor was for Edmund B. Jermyn, 360; Michael J. McHugh, 118, as agreed by the entire board and overseers, as duly posted at the polls under their signatures, except of one inspector, upon conclusion of the count, and as recorded upon all of the election documents.

2. That the ballot-box and documents, open and sealed, were taken by the judge to his home for the night.

3. That, early next morning, the said judge and the majority inspector, as they confess, in alleged consideration of $1000, one-half to each, paid by a certain individual who denies the transaction, (a) opened the box; (b) marked for McHugh, Democrat, in the individual candidate's square, 50 ballots which had been voted for Jermyn in the straight Republican square, thus diverting that number from Jermyn to McHugh; (c) altered in a palpable manner the figures on all the documents, except by inadvertence the triplicate return in the box, from 360 to 310 for Jermyn and from 118 to 168 for McHugh; (d) wrote in the corresponding words; (e) erased 50 tally marks for Jermyn; (f) and added 50 for McHugh.

In the summary the element of bribery, although clearly proved to our satisfaction, was not needed to establish the irresistible conclusion of wilful, fraudulent alteration plainly visible on the face of the returns.

Election experts in Luzerne have matched, but never surpassed, this disclosure of depravity, but in refreshing frankness of confession are vastly inferior to samples of their species in Lackawanna.

Without waste of words in fruitless moral comment, we correct the palpable fraud above set forth by directing that the vote for mayor, in said district, be recorded and certified as 360 for Edmund B. Jermyn and 118 for Michael J. McHugh.

From William A. Wilcox, Scranton, Pa.